**UNITED STATES of America, Plaintiff,**

v.

**ALLIED–SIGNAL, INC., Defendant.**

**No. TH 90–7–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

·March 5, 1993.

Winfield Ong, Indianapolis, IN, John H. Grady, Land and Natural Resources Div., Environmental Enforcement Section, Washington, DC, Steven P. Kaiser, Asst. Regional Counsel, U.S. E.P.A., Chicago, IL, for U.S.

David E. Dearing, Cromer Eaglesfield & Maher, Indianapolis, IN, for Allied–Signal, Inc.

MEMORANDUM [1]

BROOKS, Chief Judge.

This matter comes before the Court on the United States' Motion for Partial Summary Judgment on Liability. Allied–Signal is the owner and former operator of the Prestolite Battery Facility located at 2710 North Sixth Street, Vincennes, Indiana (Facility). The United States of America brought Count Two of this civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607 to recover past and future costs incurred by the United States in responding to releases and threatened releases of hazardous substances from the facility. Complaint at 6–7.

Section 107 states, in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defens-

---

**1.** The Court notes that several unpublished district court opinions have been attached to the pleadings. These opinions have no precedential value and were not considered in the resolution of this motion. This unpublished Memorandum and attached Order should not be cited or included as authority in any pleadings relating to ·other proceedings.

es set forth in subsection (b) of this section—

(1) the owner and operator of a vessel or facility ... from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable ...

42 U.S.C. § 9607. Here it is undisputed that Allied–Signal is the owner and via a subsidiary the former operator of the Facility where the production of lead-acid batteries caused the release of several hazardous substances. Though Allied–Signal disputes the necessity of the amount expended, it is undisputed that the United States has incurred response costs caused by the release of hazardous substances at the Facility. This is all that is necessary to establish liability under CERCLA § 107(a).

Allied–Signal argues that it has valid affirmative defenses which preclude partial summary judgment on the issue of liability. Though there are no Supreme Court or Seventh Circuit cases on point, both the clear meaning of the statute and the only two directly relevant circuit opinions persuade this Court that the only available defenses are those listed in 42 U.S.C. § 9607(b). The statute clearly states, "subject only to the defenses set forth in subsection (b) of this section." Both *U.S. v. Monsanto Co.*, 858 F.2d 160 (4th Cir.1988) and *U.S. v. Aceto Agric. Chem.*, 872 F.2d 1373 (8th Cir.1989) have reached the same conclusion. Since none of Allied–Signal's affirmative defenses are specified by CERCLA, it has no valid affirmative defenses. Though Affirmative Defenses Four and Five based on the Fifth Amendment might not be excludable by the statute, since Allied–Signal has chosen not to specifically raise them in its answer to the Motion for Partial Summary Judgment, this Court declines to address the merits of those defenses other than to note that it believes that this proceeding provides Allied–Signal with the Due Process protections guaranteed by the Fifth Amendment.

Partial Summary Judgment on Liability shall be granted.